**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4109

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT SUMPTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:05-cr-00246-FL-1)

Submitted:  June 1, 2026                                          Decided:  July 2, 2026

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Sumpter was convicted in 2006 of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951; brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 2, 922(g)(1). After imposing sentencing enhancements under both the career offender Sentencing Guidelines and the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the district court sentenced Sumpter to 584 months' imprisonment.

Sumpter sought relief from his convictions and sentence pursuant to 28 U.S.C. § 2255. In November 2023, the district court granted relief in part, vacating Sumpter's sentence after concluding that he was no longer an armed career criminal following *Johnson v. United States*, 576 U.S. 591 (2015) (holding residual clause of ACCA unconstitutionally vague). At resentencing, the district court granted Sumpter's request for a downward variance and sentenced him to 420 months' imprisonment.

Sumpter now appeals his sentence. Initially, he challenged only its substantive reasonableness.[1] After considering the procedural reasonableness of the sentence pursuant to *United States v. Provance*, 944 F.3d 213 (4th Cir. 2019), we directed the parties to provide supplemental briefing regarding the district court's Guidelines calculations and the

---

[1] Although Sumpter argued in his reply brief that the district court failed to adequately explain its reasons for rejecting certain mitigation arguments, "[a] party waives an argument by raising it for the first time in its reply brief." *Clendening v. United States*, 19 F.4th 421, 430 n.7 (4th Cir. 2021) (citation modified).

explanation for Sumpter's special conditions of supervised release. In his supplemental brief, Sumpter argues that the district court plainly erred in sentencing him as a career offender and in failing to explain a special condition of supervised release requiring urinalysis testing.[2] Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir. 2022) (internal quotation marks omitted). We "must first ensure that the district court committed no significant procedural error." *Provance*, 944 F.3d at 218 (citation modified). Such errors include "failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the sentence." *United States v. Banks*, 104 F.4th 496, 523 (4th Cir. 2024) (internal quotation marks omitted). "[I]f, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Provance*, 944 F.3d at 218 (internal quotation marks omitted).

We decline to consider the merits of Sumpter's challenge to his career offender enhancement, as he affirmatively waived a challenge to that enhancement. "A waiver is the intentional relinquishment or abandonment of a known right." *United States v. Ivey*, 60 F.4th 99, 115 (4th Cir. 2023) (internal quotation marks omitted). "A party who

---

[2] Insofar as Sumpter's sentence may exhibit other procedural deficiencies, we are constrained to conclude that he has not satisfied his burden to establish plain error. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (per curiam) (emphasizing importance of party-presentation principle); *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024) ("The defendant bears the burden of satisfying each element of the plain error standard.").

identifies an issue, and then explicitly withdraws it, has waived the issue." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted). "[W]hen a claim is waived[,] . . . it is not reviewable on appeal, even for plain error." *United States v. Morehouse*, 34 F.4th 381, 395 (4th Cir. 2022) (citation modified). Instead, "a valid waiver means that there was no error at all." *Robinson*, 744 F.3d at 298 (internal quotation marks omitted). Because Sumpter challenged his career offender enhancement in the district court before explicitly withdrawing that objection, both in writing and in open court, his current dispute with the enhancement is not properly before us.

Sumpter's challenge to his supervised release condition fares no better. A sentencing court is required to provide an "individualized explanation" for any special conditions of supervised release it imposes. *United States v. Van Donk*, 961 F.3d 314, 322 (4th Cir. 2020). As Sumpter asserts, the district court did not provide an explanation for a special supervised release condition requiring him to undergo urinalysis testing.[3] But, because Sumpter did not object to this supervised release condition in the district court, our review is for plain error. *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). Under that standard, Sumpter bears the burden to establish that "the error affects substantial rights." *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025) (internal quotation marks omitted).

---

[3] Sumpter addresses the remaining special conditions of supervised release only generally and in passing. This oblique reference is insufficient to preserve our review of those conditions. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to . . . develop its argument—even if its brief takes a passing shot at the issue." (citation modified)).

The challenged urinalysis condition is nearly identical to a mandatory condition of supervised release. *See* 18 U.S.C. § 3583(d). Sumpter fails to argue that any distinction between the conditions is meaningful to the explanation context. We therefore conclude that the court did not plainly err in declining to explain the condition, *see United States v. Notgrass*, 130 F.4th 129, 139 (4th Cir. 2025) (holding that district court need not explain mandatory conditions of probation); *United States v. Nsahlai*, 121 F.4th 1052, 1063 (4th Cir. 2024) (defining "plain" error), and that any deficiency in its explanation did not affect Sumpter's substantial rights, *see United States v. Green*, 996 F.3d 176, 186 (4th Cir. 2021) (explaining that effect on substantial rights requires "a reasonable probability of a different outcome . . absent the error" (internal quotation marks omitted)).

Turning to Sumpter's original substantive reasonableness challenge, we review the substantive reasonableness of his sentence "with due deference and will only reverse if we find an abuse of discretion." *Notgrass*, 130 F.4th at 142 (internal quotation marks omitted). "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted). Any sentence that is "within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). A defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v.*

*Henderson*, 107 F.4th 287, 297 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 578 (2024).

We conclude that Sumpter fails to rebut the presumption of reasonableness applicable to his sentence. Sumpter argues that the district court's modest downward variance was insufficient to account for his rehabilitation and the fact that he would not have been classified as a career offender if resentenced before the 2023 Guidelines amendments took effect. However, the district court expressly credited these arguments when choosing to vary downward. The district court gave significant weight to Sumpter's efforts at self-reform, citing his recent conduct in prison as its most important factor in significantly lowering his sentence. The parties do not dispute that Sumpter would not have been a career offender if resentenced during the roughly two-and-a-half year period before the district court granted his § 2255 motion. *See Green*, 996 F.3d at 178. But, substantially lowering Sumpter's sentence on that basis would have provided Sumpter with a windfall and produced, rather than avoided, sentencing disparity with similarly situated offenders. Sumpter points to no authority requiring the district court to further reduce his sentence based on these factors, and we conclude that the district court acted within its discretion in declining to do so.

Sumpter's remaining mitigation arguments add little to the sentencing calculus, particularly in light of other applicable § 3553(a) considerations. Notably, Sumpter's criminal history revealed a decades-long, escalating pattern of robberies, culminating in the violent armed robbery underlying his current offenses. Ultimately, "it is not [our] role . . . to substitute [our] judgment for that of the sentencing court as to the

6

appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted); *see United States v. Evans*, 526 F.3d 155, 166 (4th Cir. 2008).  In view of the sentencing court's "extremely broad discretion" in weighing the § 3553(a) factors, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), we conclude that Sumpter's sentence is substantively reasonable.

Accordingly, we affirm Sumpter's criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*